UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SELENA MARIE WIRGAU,

      Plaintiff,

                                            Hon. Robert J. Jonker

v.

                                            Case No. 2:25-cv-00169

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act. (ECF No. 17). On February 13, 2026, the Court entered a Stipulation and Order remanding the matter to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings. (ECF Nos. 15 and 16). Plaintiff's counsel seeks $7,205.15 representing 31.4 hours of attorney time at an hourly rate of $204.75 and 7.76 hours of paralegal time at $100 per hour. The Commissioner has not opposed counsel's motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the fee request be granted in part as set forth below.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled as a matter of course to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and

costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  As noted, pursuant to the parties' stipulation, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 15 and 16).  There is no indication here that the Commissioner's position was substantially justified, or that special circumstances weighing against an award are present.

A paralegal's time is also compensable under the EAJA, *Mathis v. Comm'r of Soc. Sec.*, No. 1:13-cv-256, 2014 WL 4187368 (W.D. Mich., Aug. 21, 2014), but "[s]ecretarial, clerical and other office overhead costs are not recoverable," *Flamboe v. Comm'r of Soc. Sec.*, No. 1:12-cv-606, 2013 WL 1914546, at *2 (W.D. Mich. Aug. 14, 2014).  *See also Garrett v. Soc. Sec. Admin.*, No. 3:22-cv-356, 2023 WL 2416365, at *2 (M.D. Tenn. Mar. 8, 2023) (reducing paralegal time "for review of the Optical Character Recognition (OCR) in preparation of the administrative record for the attorney"); *Zupp on Behalf of A.W.E. v. Comm'r of Soc. Sec.*, No. 2:14-cv-2545, 2016 WL 11509668, at *2 (S.D. Ohio Aug. 16, 2016) ("Downloading, filing, and saving an administrative transcript is a purely clerical or secretarial task.  Downloading, filing, and saving documents does not require legal knowledge, nor is it an especially complex task or a task traditionally performed by an attorney."); *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (reducing paralegal time for time spent downloading and printing administrative transcript as a "non-compensable clerical or secretarial task[ ]").

The undersigned finds the hourly rates of $204.75 (attorney) and $100 (paralegal) to be reasonable.  *See Thayer v. Comm'r of Soc. Sec.*, No. 1:22-CV-478, 2023 WL 2394400, at *1 (W.D. Mich. Feb. 15, 2023) (attorney hourly rate of $204.75 was reasonable), *report and recommendation adopted*, No. 1:22-CV-478, 2023 WL 2388238 (W.D. Mich. Mar. 7, 2023); *Reginald V., Comm'r of Soc. Sec.*, No. 1:25-CV-00062, 2026 WL 705206, at *2 (W.D. Mich. Feb. 24, 2026) (paralegal time at a rate of $100.00 per hour was reasonable), *report and recommendation adopted sub nom. Vick v. Comm'r of Soc. Sec.*, No. 1:25-CV-62, 2026 WL 703354 (W.D. Mich. Mar. 12, 2026).

Plaintiff seeks an EAJA award in the amount of $7,205.15.  (ECF No. 17-1, PageID.2290).  In his affidavit, counsel states that he billed a total of 31.4 hours in prosecuting the appeal.  (ECF No. 17-1, PageID.2287).  The statement of hours indicates that counsel spent approximately 21.42 hours drafting and conducting legal research for Plaintiff's initial brief (5.5 hours (12/4/2025); 7.92 hours (12/5/25); 8 hours (12/8/2025)).  (ECF No. 17-2, PageID.2291).  The statement of hours also indicates that counsel's paralegals spent 1.14 hours downloading and filing "ECF documents," half of an hour downloading a transcript, and one hour filing "case initiating documents," totaling 2.64 hours.  (ECF No. 17-2, PageID.2292-93).

The undersigned finds that the number of hours spent on this case is unreasonable.  Although the administrative record is lengthy at 2,214 pages, Plaintiff's counsel only filed an initial brief before the parties' stipulation to a remand, and the issues raised in the initial brief by Plaintiff were neither novel nor complex. (ECF No. 11).  *See Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-CV-00010, 2019 WL

13213051, at*3 (W.D. Mich. Oct. 1, 2019) (the Court noted that the 1,264-page administrative record was lengthy).  Accordingly, the Court finds that a reduction of five hours of attorney time is warranted, equaling a new total of 26.4 hours of attorney time.  *See Reginald V.,* No. 1:25-CV-00062, 2026 WL 705206, at *2 ("Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for disability benefits is in the range of fifteen to thirty hours.").  Additionally, the paralegals' clerical work is not compensable under the EAJA, so the proffered paralegal hours of 7.76 will be reduced by 2.64 hours, equaling 5.12 hours.  *See Flamboe*, No. 1:12-cv-606, 2013 WL 1914546, at *2.

In sum, an EAJA award in the amount of $5,917.40 is appropriate ($512 in paralegal time and $5,405.40 in attorney time).  For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (ECF No. 17) be granted in part.

In light of the Supreme Court's decision in *Astrue v. Ratliff,* 560 U.S. 586, 591-93 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor as opposed to Plaintiff's counsel.  *See* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's motion for Attorneys' Fees and Costs Under the Equal Access to Justice Act, (ECF No. 19), be granted in part.  Specifically, the undersigned recommends that Plaintiff be awarded $5,917.40 pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 1, 2026                     /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge

5